# Evans *v.* Philadelphia Bourse, Appellant.

*Contract—Architect—Drawings—Evidence.*

In an action by an architect to recover his fees, where there is evidence from which it may be inferred that the parties treated the drawings furnished by the plaintiff as those stipulated for by the contract, the case is for the jury, and a verdict and judgment for plaintiff will be sustained.

*Trial—Charge—Preponderance of evidence—Preponderance in the number of witnesses.*

Where the court in its charge uses the expression "preponderance of evidence," in the sense of preponderance in the number of witnesses, and this is obvious from the context, so that the jury could not have been misled, a judgment on the verdict will not be reversed.

Argued March 20, 1906. Appeal, No. 58, Jan. T., 1906, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1893, No. 1,101, on verdict for plaintiff in case of David

Evans v. Philadelphia Bourse. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Affirmed.

Assumpsit by an architect for his compensation. Before BARRATT, J.

At the trial there was evidence offered for plaintiff which tended to show that the parties treated the drawings furnished by the plaintiff as those stipulated for by the contract.

The court charged in part as follows:

[Look at the probabilities; search for inconsistencies; find the contradictions. The preponderance of the evidence may aid you, but it is not always the best guide. In this case you have the plaintiff's sworn testimony as to a large number of alleged facts. Against it you have the sworn testimony of some five or six witnesses, and minutes and resolutions of the bourse made concurrently with the alleged happenings.

Well, this may mean much, it may mean little, and you may conclude that it means nothing. It may or it may not be conclusive. Let us take an illustration, not of the conditions met with in this case, but the reliability of preponderance of evidence in some cases. Suppose that a small child should tell you that he saw a large wolf run away with an unusually small lamb. As against this ten adults testified that this was not the case at all, but that the real fact was that this very small lamb was actually running away with the large wolf. It would not take a jury very long to determine where the truth lies, notwithstanding ten against one. Of course, as I have told you, this is not intended to illustrate the condition of the evidence in this case as you have it before you, but simply to call your attention to the error that a jury might fall into by deciding questions of fact upon preponderance of evidence alone. It is simply one of the elements properly to be taken into consideration in an effort to ascertain where the real truth lies.] [4]

Verdict and judgment for plaintiff for $17,520. Defendant appealed.

*Errors assigned* among others were (4) portion of charge as above, quoting it, and (34) refusal of binding instructions for defendant.

*John F. Lewis,* with him *Francis S. Laws,* for appellant.

*C. Berkeley Taylor,* with him *John G. Johnson,* for appellee.

PER CURIAM, May 14, 1906:

This case does not present any material questions except of fact.

There was evidence from which it might be inferred that the parties treated the drawings furnished as those stipulated for, and that matter was for the jury.

What the judge said about the preponderance of evidence was inaccurate, but it is perfectly clear that by preponderance of evidence he meant preponderance in the number of witnesses, and the illustration he gave the jury, though by no means happy, must have made his meaning clear enough to prevent their being misled by the previous inaccurate phrase.

Judgment affirmed.